UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| BE THE BUSH RECOVERY MINISTRIES, | ) ) ) | |
| *Plaintiff,* | ) ) | No. 4:22-CV-16 |
| v. | ) ) | Judge Collier |
| COFFEE COUNTY, TENNESSEE, | ) ) | Magistrate Judge Lee |
| *Defendant.* | ) ) | |

## MEMORANDUM & ORDER

Before the Court are motions in limine filed by Defendant, Coffee County, Tennessee. (Docs. 78, 79, 80, 81, 82, 83). Plaintiff, Be the Bush Recovery Ministries, has responded. (Doc. 93.) This matter is now ripe for review.

**I.   BACKGROUND**

Plaintiff, a not-for-profit organization founded "to help men break free from the cycle of addiction," proposed an amendment to Coffee County Revised Zoning Resolution 2006-39 (the "Resolution") in order to purchase property in Defendant's RS-1 zoning district and operate its facility there. (Doc. 90 at 2, 5.) Defendant's Planning Commission and Board of Commissioners denied Plaintiff's proposed amendment. (*Id.* at 5–6.)

Plaintiff filed suit against Defendant on March 22, 2022 alleging violations of the Fair Housing Act and the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 *et seq.*, (the "FHA"), the Americans With Disabilities Act, 42 U.S.C. §§ 12132, *et seq.*, (the "ADA"), the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc, *et seq.*, (the "RLUIPA"), and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, (the "Equal Protection Clause"). (Doc. 1.) On April 19, 2024, the Court granted in

part Defendant's motion for summary judgment and denied Plaintiff's motion for summary judgment. (Doc. 92.) Following the resolution of the parties' summary judgment motions, the only remaining question is whether Plaintiff's proposed accommodation was reasonable and necessary as defined by the FHA and ADA. (*See id.*)

This case is set for trial on May 6, 2024. (Doc. 48.)

## II. LEGAL STANDARD

A motion in limine is a motion "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). The goal of a motion in limine is "to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Id.* As the Court of Appeals for the Sixth Circuit has noted, "Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

The following rules are pertinent with respect to the various motions.

### A. Federal Rules of Evidence 401, 402, and 403

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevant evidence is admissible" unless otherwise provided by the Constitution, a federal statute, or the Federal Rules of Evidence, and "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Relevant evidence may be excluded by the court "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### B. Federal Rules of Evidence 701 and 702

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed R. Evid. 701.

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

### C. Federal Rules of Civil Procedure 26 and 37

The Federal Rules of Civil Procedure provide that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court is also authorized to sanction a party for failing to disclose or supplement discovery responses. Fed. R. Civ. P. 37(C)(1)(A)–(C).

In determining whether exclusion is warranted, the Court of Appeals for the Sixth Circuit has instructed courts to consider:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

3

*Dayton Veterans Residence Ltd. P'ship v. Dayton Metro. Hous. Auth.*, 2023 WL 8081677, at *11 (Nov. 21, 2023). These factors exist "to separate 'honest,' harmless mistakes from 'underhanded gamesmanship . . . .'" *Id.*

### III. ANALYSIS

Defendant has moved to exclude numerous exhibits[1] Plaintiff seeks to introduce at trial. The Court will address Defendant's motions as they relate to Plaintiff's claim still pending following resolution of the parties' motions for summary judgment.

#### 1. Correspondence to Coffee County Officials

Defendant first moves to exclude certain correspondence sent to Coffee County officials regarding the issues involved in this lawsuit. (Doc. 78 at 1.) Defendant argues this evidence should be excluded because it is irrelevant under Rules 401 and 402 and because it is inadmissible hearsay under Rules 801 and 802. (*Id.* at 3–4.) Defendant also argues the evidence should be excluded under Rule 403 because the danger of unfair prejudice outweighs any relevancy the evidence may have. (*Id.* at 4–5.)

The communication at issue is composed of:

1. Exhibit 13- A letter from Tune, Entrekin & White, P.C. to Mayor Gary Cordell, dated December 13, 2021
2. Exhibit 14- A letter from the American Center for Law & Justice to Coffee County Commissioners, dated January 6, 2022
3. Exhibit 16- A letter from the American Center for Law & Justice to Coffee County Commissioners, dated January 24, 2022
4. Exhibit 18- An email from Plaintiff's counsel to the Coffee County Attorney, Mayor Gary Cordell, Caleb McCall, and others, dated March 4, 2022, and forwarded responses from Jennifer Moody and Caleb McCall re: [Plaintiff] meeting for zoning.

(*Id.* at 1–2; Doc. 93 at 3.)

---

[1] The Court will reference the Exhibit numbers provided in Plaintiff's Exhibit List. (Doc. 76.)

Defendant argues this evidence is irrelevant because it "merely offers the opinions of individuals and perhaps their organizations as to the lawfulness of [Defendant's] denial of Plaintiff's proposed amendment to the Resolution." (Doc. 78 at 4.) Defendant further argues that these opinions do not "have any effect on whether [Defendant's] actions were or were not indeed unlawful. Nor do these opinions make any consequential fact in this case more or less likely." (*Id.*)

Plaintiff responds, Exhibits 13 and 14 "were submitted in support of Plaintiff's zoning applications. . . . Thus, these letters should and would have been part of the official record of documents considered by [Defendant] when deciding Plaintiff's zoning applications." (Doc. 93 at 3.) Plaintiff submits these exhibits are relevant because they "are important pieces of evidence to demonstrate the sequence of events leading up to [Defendant's] zoning determinations and the historical background of the decisions." (*Id.* at 6.)

Additionally, Plaintiff responds Exhibits 16 and 18 "include formal requests by [Plaintiff] to [Defendant] requesting a reasonable accommodation pursuant to the FHA and ADA. Plaintiff is required to demonstrate that it made a request for reasonable accommodation. Exhibits 16 and 18 serve as the best evidence of this fact." (*Id.* at 3.)

The Court finds that the determination of the admissibility of these exhibits is better reserved for the context of trial. Accordingly, the Court **RESERVES RULING** on Defendant's motion in limine (Doc. 78).

**Statements by Commissioner Dennis Hunt**

Defendant argues testimony from Coffee County Commissioner Dennis Hunt ("Mr. Hunt") is irrelevant and should excluded because he has not been designated an expert under Rule 702. (Doc. 79 at 2.)

Defendant argues Plaintiff "has elicited improper legal conclusions from Commissioner Hunt [and] Plaintiff's counsel has asked the Commissioner to draw comparisons and conclusions that require application of terms that have distinct meaning and definition under the County's [Resolution] and the law." (*Id.* at 3.) Defendant argues Plaintiff ultimately uses Commissioner Hunt's testimony to "apply the terms of the [Resolution] to the relevant law and draw legal conclusions which support Plaintiff's legal theory – that the zoning scheme treats Plaintiff disparately as compared to other uses." (*Id.* at 3–4.) Defendant also argues Commissioner Hunt's testimony would not assist the jury because the jury can compare "Plaintiff's intended use with other alleged comparators based on the facts presented at trial. It is neither relevant nor helpful for Commissioner Hunt to offer his own opinion on the matter." (*Id.* at 4) (emphasis removed).

As to the issue of relevancy, Defendant submits:

> Commissioner Hunt's opinion is no more relevant or probative than any of the other seventeen County Commissioners that could come to trial and offer his/her individual opinion on the zoning resolution and proposed amendment. Like any other individual commissioner, Hunt's opinion has no bearing on the lawfulness of the County's [Resolution] as written, or the County's denial of Plaintiff's application to amend the same, and therefore, has no tendency to make a fact of consequence more or less probable.

(*Id.* at 5.) Even assuming Commissioner Hunt's testimony is relevant, Defendant argues exclusion is still warranted under Rule 403. (*Id.* at 5.) Defendant argues that:

> there is a substantial risk that the jury would take Commissioner Hunt's statements of opinion as authoritative given his position as a member of the Planning Commission and County Commission. The jury might well decide this case on this basis alone, and the danger is not theoretical given Plaintiff's arguments to date.

(*Id.* at 6.) Defendant also argues the potential issues could not be resolved through cross-examination because it would result in an unnecessary "mini trial." (*Id.*)

Plaintiff responds Commissioner Hunt's testimony does not consist of legal conclusions but is "his opinion regarding specific zoning uses and whether they are similar or dissimilar to Plaintiff's use." (Doc. 93 at 8.)

Plaintiff argues the evidence is relevant because Commissioner Hunt's opinions "are very helpful to a jury in understanding why [Commissioner] Hunt voted in favor of Plaintiff's zoning amendment, why he believes Plaintiff's use was or was not similar to other uses permitted in residential zones and whether [P]laintiff's requested accommodation was reasonable." (*Id.* at 9) (emphasis removed). Plaintiff responds that Commissioner Hunt's testimony directly relates to Defendant's argument that Plaintiff's proposed accommodation was unreasonable and that it acted rationally and legitimately in denying Plaintiff's proposed accommodation. (*Id.*)

Plaintiff also responds that exclusion is not warranted under Rule 403. Plaintiff submits it would confuse the jury to ask them to determine whether Defendant had sufficient reasons to deny Plaintiff's proposed amendment without presenting information as to this issue. (*Id.* at 10.) Additionally, Plaintiff responds any confusion around the scope or purpose of Commissioner Hunt's testimony could be addressed on cross-examination. (*Id.*) Finally, Plaintiff responds Defendant can offer the testimony of another commissioner to combat Commissioner Hunt's testimony. (*Id.*)

The Court finds that the decision of the admissibility of Commissioner Hunt's testimony should be resolved within the context of trial. Therefore, the Court will **RESERVE RULING** on Defendant's motion in limine (Doc. 79).

### 2. Statements by Coffee County Codes Administrator Kirt Gray

Defendant argues certain testimony from Mr. Gray should be excluded. (Doc. 80.) Defendant argues Mr. Gray's deposition testimony required him to speculate as he answered

7

numerous hypothetical questions that do not directly relate to the issues before this Court. (*Id.* at 2–3.) Defendant submits "there is no probative value in Mr. Gray's testimony as to what he would have done in hindsight or under different circumstances that were not presented to him in connection with Plaintiff's zoning situation." (*Id.* at 3.)

Defendant also argues Mr. Gray's testimony regarding hypothetical situations should be excluded under Rule 403 because "Mr. Gray does not have final decision-making authority as to the zoning decisions at issue." (*Id.* at 5.) Because Mr. Gray lacks final decision-making authority, Defendant submits asking him hypothetical questions would only "confuse the jury and mislead them from the pertinent, relevant facts that are at issue in this case." (*Id.*)

Plaintiff responds Mr. Gray's entire testimony should not be excluded because it is not based solely on hypothetical questions. (Doc. 93 at 11.) Plaintiff further responds that federal courts have allowed testimony containing hypothetical questions so long as it based on facts from the record. (*Id.* at 12.)

Plaintiff also responds Mr. Gray's testimony is relevant because it addresses Defendant's stance that Plaintiff was treated differently "because it is not licensed, and/or that its requested land use would allow 'unbridled occupancy.'" (*Id.* at 13.) Plaintiff submits it "is entitled to explore this defense and it did so during Mr. Gray's deposition by asking him whether Plaintiff would have been treated differently under the zoning laws if it was licensed, and if so, what zoning designation would have applied." (*Id.*) Plaintiff states that it plans to use Mr. Gray's testimony to rebut Defendant's defense that it was justified in treating Plaintiff differently because it was not a licensed facility.

8

The Court finds that the admissibility of Mr. Gray's testimony should be reserved for the context of trial. Accordingly, the Court **RESERVES RULING** on Defendant's motion ins limine (Doc. 80).

### 3. On Target News Article and Comptroller Report

Defendant argues the On Target News article the Comptroller Report, and any evidence of, reference to, and argument concerning allegations of failure to train should be excluded under Rules 401 and 403. (Doc. 81.) Defendant submits the On Target News article details the Coffee County Mayor's "desire to remove five Planning Commission members from their respective positions due to concerns of insufficient documented training." (*Id.* at 2.) Defendant states, "[a]t no point in his recounting of the events . . . did [the Mayor] address the County's [Resolution] or the events surrounding the lawsuit." (*Id.*) Additionally, Defendant submits the events detailed in the article "began in September 2022, well after the vote of the Planning and County Commissions precipitating this case." (*Id.*)

As it relates to the Comptroller's Report, Defendant argues this report details "the status of each commissioner in every county across the state." (*Id.* at 2–3.) Defendant asserts that "Plaintiff presumably intends to use this report to demonstrate that members of the Coffee County Commission failed to complete the requisite hours of continuing education." (*Id.* at 3.) However, Defendant argues this evidence is irrelevant because "Plaintiff has not brought a claim against [Defendant] based on a policy of failure to train." (*Id.*)

Plaintiff responds both exhibits "demonstrate that numerous Planning Commissioners and County Commissioners who rendered the zoning decisions at issue in this case failed to obtain proper training to assist in the administration of their duties and responsibilities." (Doc. 93 at 14.) Plaintiff submits these exhibits "are clearly relevant to Plaintiff's claim for punitive damages and

9

Case 4:22-cv-00016-CLC-SKL   Document 110   Filed 05/02/24   Page 9 of 13   PageID #: 2196

suggest that many of [Defendant's] officials including both Planning Commissioners and County Commissioners responsible for rendering the zoning determinations in this case did so without proper training." (*Id.* at 15.) Defendant also states this information "has the tendency to make the fact that [Defendant] acted with reckless indifference more probable and will assist the trier of fact in determining whether Plaintiff is entitled to punitive damages." (*Id.*)

The Court has clarified that punitive damages are not available in this case. (Doc. 105.) Accordingly, Defendant's motion in limine (Doc. 81) is **DENIED AS MOOT**.

### 4. Statements from Caleb McCall

Defendant also argues statements made by Plaintiff's Founder, Caleb McCall ("Mr. McCall") should be dismissed because Mr. McCall has not been designated as an expert in this matter and therefore can only testify as to evidence admissible under Rule 701. Defendant specifically challenges Mr. McCall's statements that Plaintiff's center would be better suited in a residential area. (Doc. 82 at 3.)

Defendant argues Mr. McCall's testimony demonstrates that his opinion on the need for Plaintiff to relocate to a residential area "is not based rationally on his perception." (Doc. 82 at 3.) Defendant argues Mr. McCall's statements could not be rationally based on his perception because Plaintiff previously operated in a heavily populated area and had no students ever fail a drug test or engage in criminal behavior. (*Id.*) Defendant essentially asserts Mr. McCall's testimony about the need to move is only his opinion, whereas the facts of the matter demonstrate that Plaintiff did not need to secure a new location to continue functioning. (*Id.*) Furthermore, Defendant submits Mr. McCall's testimony would not be helpful because his opinions would create confusion. (*Id.* at 4.)

Defendant also argues Mr. McCall's testimony is based on specialized knowledge that falls within the scope of Rule 702 because Mr. McCall offers "a comparative analysis on the effects of certain environments on an individual recovering from addiction." (*Id.*) Defendant does not cite a case from the Court of Appeals for the Sixth Circuit that is directly on point, but Defendant argues other federal courts have found that addiction is a topic that falls within the realm of Rule 702. (*Id.*) Defendant therefore concludes "the topic of the effect of commercial versus residential environment [on addiction] is one that requires scientific, technical, or other specialized knowledge." (*Id.* at 5.)

Finally, Defendant argues Mr. McCall cannot offer testimony about the cost of repairs because he "has not been listed as an expert and has not demonstrated any competence to give opinions in court to testify about the cost of construction or repairs to buildings." (*Id.*) Defendant also states that "no competent evidence has been presented as to the need for additional construction or repairs." (*Id.*)

Plaintiff responds, "[a]s Founder and Executive Director . . . and as someone who has gone through an addiction recovery program himself, Mr. McCall has personal knowledge and experience as to what he needed and what facilitated his recovery from addiction, as well as how the close proximity to drugs and alcohol would have affected that recovery." (Doc. 93 at 16.) Plaintiff adds "Mr. McCall also has personal knowledge and has personally witnessed the needs of those enrolled in his program, the essential components to his program, and how close proximity to drugs and alcohol . . . would undermine the objective of his program. (*Id.* at 17.)

Plaintiff also responds, "Defendant has been informed since the beginning of discovery that the property Plaintiff was forced to purchase outside Coffee County was not as suitable as the one it sought to purchase in Coffee County, and requires significant renovation and repairs." (*Id.*

11

at 19.) Plaintiff submits it has already conducted numerous repairs and therefore Mr. McCall's testimony as to how much Plaintiff paid for these repairs is proper. (*Id.*) Plaintiff argues Mr. McCall has personal knowledge of these repairs as he was the one "to determine which repairs to make, to approve these repairs, and to pay for these repairs on behalf of Plaintiff." (*Id.*) Additionally, Plaintiff submits these reasons also support a finding that Mr. McCall can properly testify as to the cost and potential for future repairs. (*Id.*) Plaintiff has also offered to present the contractor who provided the estimated repairs for Defendant to cross-examine. (*Id.*)

The Court finds that the admissibility of Mr. McCall's testimony can be better determined within the context of trial. Accordingly, the Court **RESERVES RULING** on Defendant's motion in limine (Doc. 82).

   5.   **Exhibits Allegedly Not Properly Produced**

Defendant's final motion in limine seeks to exclude evidence Plaintiff provided in its Exhibit List (Doc. 76) because Defendant argues it was not properly disclosed under the Federal Rules of Civil Procedure. (Doc. 83.) Plaintiff submits that the parties have engaged in discussions that led to the resolution of objections relating to these exhibits. (Doc. 93 at 19.)

Because the parties' stance as to the admissibility of these exhibits is unclear, the Court will **RESERVE RULING** on Defendant's motion in limine (Doc. 76.)

**IV.   CONCLUSION**

For the reasons stated above, Defendant's motion in limine (Doc. 81) is **DENIED AS MOOT** and the Court **RESERVES RULING** on the remainder of Defendant's motions (Docs. 78, 79, 80, 82, 83) as the question of their admissibility may be better determined in the context of the trial.

**SO ORDERED.**

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**